## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**MS. ALBA E. VELÁZQUEZ COLÓN & MS. IDANYA E. LUNA VELÁZQUEZ,**

**Plaintiffs,**

**v.**

**MUNICIPALITY OF SALINAS, ABC INSURANCE COMPANY, CONTRACTOR CDE, WHETHER A NATURAL OR LEGAL PERSON, IS REFERRED TO BY A FICTITIOUS NAME, X, Y, AND Z FICTTIOUS INSURANCE COMPANIES, JOHN DOE, MARK DOE,**

**Defendants.**

**CIVIL NO.** 25-1349 (_____)

Diversity Jurisdiction
Jury Trial Demand

## COMPLAINT

**COME NOW,** Ms. Alba E. Velázquez Colón & Ms. Idanya E. Luna Velázquez, also named as "the Plaintiffs" or named individually, through their undersigned attorney, and respectfully state, allege and pray as follows:

### I.    JURISDICTIONAL STATEMENT

1.    This Honorable Court has jurisdiction in the present action pursuant to 28 U.S.C. §1332, over state law claims under Articles 1536 and 1540 of the Puerto Rico

Civil Code, §10801 et. seq., of Title 31 of the Laws of Puerto Rico Annotated.  At the moment of filing this complaint, total diversity of citizenship exists between plaintiffs and defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as the relevant events or omissions giving rise to the current claim took place in Puerto Rico.

## II.   THE PARTIES

1.    At all times herein relevant, Plaintiffs Ms. Alba E. Velázquez Colón , who is single; Ms. Idanya E. Luna Velázquez who is married; are citizens of the State of Washington, United States Of America, with residence, intention to live and domicile in  240E 66th St., Tacoma, WA, 98404, e-mail: idanyaluna@gmail.com.

2.    At the time this Complaint is filed, Co-defendant Municipality of Salinas is located at the Commonwealth of Puerto Rico, with its principal place in P O Box 1149, Salinas, PR, 00751-1149 and the telephone number is (787) 824-3060.  It is the current   operator of the property where Plaintiff Ms. Alba E. Velázquez Colón was injured.

3.    Co-defendant Municipality of Salinas, is an entity, a corporation doing business in the Commonwealth of Puerto Rico, with its principal place of

business in 27 Dr. Santos P. Amadeo Street, #37, Salinas, Puerto Rico 00751.

4.    Co-defendant ABC insurance company is an entity, a corporation doing business in the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico.  It was the insurance company of the owner and operator of co-Defendant at the moment Plaintiff suffered her injury.

5.    Co-Defendant Contractor CDE, whether a natural or legal person, is referred to by a fictitious name as its correct name is currently unknown; however, its identity is known to the Co-Defendant Municipality of Salinas. They are also jointly liable for the damages caused by their culpable or negligent actions or omissions by their employees and/or agents concerning the damages and injuries suffered by the claimants.

6.    X, Y, and Z Insurance Companies are the fictitious names of the insurance's companies whose places of business are in a state or territory other than Washington State. They had at all relevant times an insurance's policy to cover the damages alleged in the Complaint. They are designated with these names because their true identities are not known at the present time.

7.    John and Mark Doe are citizens of the United States but residents of a state or territory other than Washington State. They are designated with these names because their true identities are not known at the present time.

COMPLAINT                                                                                            4
Ms. Alba E. Velázquez Colón et al. v.  Municipality of Salinas, et al.
Civil No. 25-1349 (_)

## III.  THE FACTS

1.    Plaintiffs Ms. Alba E. Velázquez Colón and her daughter, Ms. Idanya E. Luna Velázquez, in the matter at hand reside at 240E 66th St., Tacoma, WA, 98404, and the telephone number is (253) 792-9571, E-mail: idanyaluna@gmail.com

2.    On June 30, 2024, between approximately 11:00 and 11:30 AM, Ms. Velazquez and her friend Ms. Glorilynn Ortiz, residing at Bo. El Coqui, Calle Angela Ferrer, #13, Salinas, PR 00704, phone number (939) 493-9126, attended the El Coqui festival in the Municipality of Salinas with the purpose of enjoying the festivities and the folklore of the area, as they were on the Island for vacation.

3.    While walking through the recreation plaza Dr. Jose C. Barbosa, Plaintiff Ms. Alba E. Velázquez Colón lost her balance after stumbling over what subsequently turned out to be an uneven surface.

4.    As a result, Plaintiff Ms. Alba E. Velázquez Colón fell and injured her mouth, losing her front oral bridge, suffered an open wound on her chin, lost a significant amount of blood, sustained lacerations and bruises, and impacted the ground on the right side of her body, resulting in multiple fractures in her right shoulder and arm.

5.    Plaintiff Ms. Alba E. Velázquez Colón was immediately assisted by Ms. Glorilynn Ortiz and some Salinas Municipal Police officers present in the area where

the unfortunate incident occurred, as she remained seated on the ground in pain. Once she managed to compose herself, Plaintiff Ms. Alba E. Velázquez Colón decided not to request an ambulance transfer and only wished to go home to rest, hopeful that the intense pain she felt at that moment would subside.

6.      Officer Rodrigo Villar Montesinos, badge # 0971 from the Salinas Municipal Police, upon seeing Plaintiff Ms. Alba E. Velázquez Colón's health condition and her desire to leave, transported her to Bo. El Coqui, Calle Angela Ferrer, #11, Salinas, PR 00704.

7.      Plaintiff Ms. Alba E. Velázquez Colón was unable to sleep due to severe pain, limited mobility, and bleeding. As a consequence of these events, Plaintiff Ms. Alba E. Velázquez Colón sought medical care at the CDT Sur-Med Medical Center-Pueblo, Calle Colón Pacheco in Salinas, PR, 00751, phone number (787) 824-1199, where she received medical treatment that included X-rays and medication to alleviate her pain. Plaintiff Ms. Alba E. Velázquez Colón was stabilized, and it was decided to refer her to another hospital as her injuries were substantially greater and required specialized medical attention.

8.      Subsequently, Plaintiff Ms. Alba E. Velázquez Colón was transported by ambulance to the Emergency Room of the Mennonite Hospital Guayama, Inc., located at 10011 Ave. Pedro Albizu Campos, Guayama, PR, 007845, phone number

COMPLAINT                                                                6
Ms. Alba E. Velázquez Colón et al. v.  Municipality of Salinas, et al.
Civil No. 25-1349 (_)

(787) 864-4300, where she received medical attention, underwent X-rays, and other radiological studies, confirming multiple fractures.

9.   Plaintiff Ms. Alba E. Velázquez Colón was immediately referred to a specialist who, under general anesthesia, performed total arthroplasty and surgery on her right shoulder and arm to stabilize the fractures, with approximately twenty (20) stitches being needed and drainage installed in the lower part of her arm.

10.  This emergency surgery was scheduled for July 2, 2024, by Dr. Alberto Rivera Rosado, Orthopedic Surgeon, Mennonite Hospital Guayama, Suite 204, Guayama, PR, 00784, phone number (787) 998-1640.

11.  On medical recommendation, and due to various bureaucratic complications with her medical plan, she was discharged the following day, confined to bed, and received care from her daughter, Plaintiff Idanya E. Luna Velázquez.

12.  Plaintiff Ms. Alba E. Velázquez Colón visited Dr. Rivera Rosado's office twice before returning to Tacoma, Washington, where she resides. Once back home, she visited Dr. T. Pham at the Lake Wilderness Primary Care Clinic, 22610 SE 240th St. Ste. 100, Maple Valley, WA, 98038, who provided treatment related to the incident in Puerto Rico.

13.  Plaintiff Ms. Alba E. Velázquez Colón also visited Dr. Kelsey Lau, DO's office once back home at the 1628 S Mildred St. Ste. 104, Tacoma, WA, 98465-

1628, who provided treatment related to the incident in Puerto Rico.

14.    Additionally, Plaintiff Ms. Alba E. Velázquez Colón made several visits to Dr. John C. Hung, Orthopedic Specialist at MultiCare Orthopedics & Sports Medicine-Puyallup, 1450 5th St. SE Suite 4200, Puyallup, WA 98372-4602, phone number (253) 792-6555, as she continued to experience pain in her operated arm related to the events in question.

15.    Plaintiff Ms. Alba E. Velázquez Colón is receiving physical therapy as part of her rehabilitation plan; to date, she has undergone 40 sessions, although she continues to attend therapy at ATI Physical Therapy, 3315 S 23rd St., Ste. 210, Tacoma, WA 98405, phone number (253) 572-8684. Plaintiff Ms. Alba E. Velázquez Colón has consulted other medical specialists to mitigate damages related to the fall that may have exacerbated preexisting conditions, including Dr. R. Wall at the Pulmonary & Sleep Disorder Clinic-Talbot Professional Center, 4011 Talbot Rd S Suite 460, Renton, WA, 98055-570, phone number (425) 690-3484; The Breast Center-Medical Arts Center, 4033 Talbot Road S Suite 470, Renton, WA 98055-5700, phone number (425) 690-3688; and Dr. R. Mahmud, Rheumatologist at the Rheumatology Clinic-Medical Arts Center, 4033 Talbot Rd S Suite 440, Renton WA, 98055-5772, phone number (425) 690-3495.

16.    Some of the injuries suffered by Plaintiff Ms. Alba E. Velázquez Colón

includes surgery on her right arm; an open wound on her chin; a scar on her right arm from her shoulder to her forearm; sharp pain upon touch; recurrent arm pain; insomnia; distress; and limited movement, among other injuries. Plaintiff Ms. Alba E. Velázquez Colón remained bedridden and completely limited her physical activities for several weeks.

17.   The medical expenses incurred amount to approximately $6,000.00, a figure that will increase with the arrival of outstanding bills related to the treatment and operation received in Puerto Rico. Plaintiff Idanya E. Luna Velázquez incurred emergency travel costs to Puerto Rico from Washington, United States, to accompany her mother, missed work, and incurred expenses for food, transportation, and other costs estimated at no less than approximately $10,000.00 an amount that varies depending on the final medical expenses she must pay to benefit and assist her mother, which currently remains indeterminate, as do her sufferings and mental anguish upon witnessing the extent of her mother's injuries, estimated at $300.000.00.

18.   The negligence of the Municipality of Salinas, its agents and/or employees lies in failing to take safety measures, care, and/or maintaining the area under their jurisdiction, control, and/or maintenance, in accordance with the principles of foreseeability. It was reasonably probable, given the circumstances claimed herein,

that individuals would be present in the area of the Plaza Jose C. Barbosa, where they knew or should have known about the existence of the uneven surface, a hazardous condition that constitutes the proximate cause of the injuries suffered by my clients. Furthermore, this extends to the absence of warnings that would alert about the risks and the presence of a dangerous condition in the area.

19.    Other factors that may have contributed to the occurrence of the incident include inadequate lighting or poor illumination, insufficient maintenance of green areas; visibly, the plaza and its surroundings are in disrepair, thereby excluding a suitable and safe area for visitors. The aforementioned indicates a lack of knowledge, absence of inspection protocol, and inadequate construction and maintenance which would foreseeably lead to an incident such as the one in question.

20.    It is worth noting that the Municipality of Salinas organized and promoted the festival that took place during the weekend of the incident, inviting individuals of all ages, conditions, and circumstances to gather there. Finally, the Municipality of Salinas did not have personnel supervising on a festive day with substantial visitor traffic; had they been assigned, they were not present in the vicinity to prevent and/or assist the lady. The Municipality knew or should have known about the aforementioned circumstances.

21.    The Municipality of Salinas neglected its duty of foreseeability by acting

or failing to implement reasonable safety measures in a place that invites individuals of all ages to recreate, from children to the elderly, which foreseeably could provoke an incident and/or constitutes a hazardous condition for the occurrence of events such as those claimed herein. This act or omission constitutes the proximate and/or efficient cause of the damages inflicted upon the claimant.

22.   The Municipality of Salinas maintains an insurance policy with ABC insurance company, designated as such due to the unavailability of its true name at this time, to cover the damages caused by its culpable or negligent actions or omissions by its employees and/or agents; thus, they are both jointly and severally liable for the damages and injuries caused to Plaintiff Ms. Alba E. Velázquez Colón and her daughter, Plaintiff Idanya E. Luna Velázquez.

23.   Co-Defendant Contractor CDE, whether a natural or legal person, is referred to by a fictitious name as its correct name is currently unknown; however, its identity is known to the Co-Defendant Municipality of Salinas. They are also jointly liable for the damages caused by their culpable or negligent actions or omissions by their employees and/or agents concerning the damages and injuries suffered by the claimants.

24.   The negligence of Co-Defendant Contractor CDE, whether a natural or legal person, its agents, and/or employees, lies in failing to take safety measures,

**COMPLAINT**                                                                                    11
Ms. Alba E. Velázquez Colón et al. v.  Municipality of Salinas, et al.
Civil No. 25-1349 (_)

care, and/or maintaining the area under their jurisdiction, control, and/or maintenance, in accordance with the existing principles of foreseeability. It was reasonably probable, under the circumstances claimed herein, that the presence of children and elderly individuals in the area; inappropriate design, deficient construction, and/or any other circumstance that constitutes negligence by action or omission.

25.   Co-Defendant Contractor CDE maintains an insurance policy with XYZ insurance company, designated as such due to the unavailability of its true name at this time; to cover the damages caused by its culpable or negligent actions or omissions by its employees and/or agents; hence, they are both jointly and severally liable for the damages and injuries caused to the claimants.

26.   As of this moment, the percentage of permanent disability, if any, resulting from these events is unknown. The physical damages for the purposes of this presentation are assessed at no less than $500,000.00 in accordance with the liability limits for damages and injuries as established in the Civil Code of Puerto Rico and current legal provisions. The suffering and mental anguish as a result of the accident are valued at no less than $300,000.00.

27.   The claimed damages are made in accordance with the liability limits for damages and injuries, established in the Municipal Code of Puerto Rico, Law No.

107 of August 14, 2020, as amended, Article 1.052, 21 L.P.R.A. § 7083, when

damages and injuries are caused to more than one person by the same act or

omission.

28.   On September 30, 2024, Plaintiffs through their legal representation

notified about their unequivocal intention to file a claim before the Court of First

Instance, Superior Court of Guayama, or alternatively, in the United States District

Court for the District of Puerto Rico, according to applicable legal parameters, since

our clients are residents of one state and the occurrence of the event took place in

Puerto Rico; this with the aim of holding you accountable for all damages, expenses,

and sufferings experienced.

29.   Said communication constituted the most formal of claims and the proper

notification to interrupt the prescriptive term, within the 90-day period with all legal

requirements and exceptions, in accordance with the action for claims of any kind

against a municipality for personal damages and property, pursuant to the Municipal

Code of Puerto Rico, Law No. 107 of August 14, 2020, as amended, Article 1.051,

21 L.P.R.A. § 7082. Nonetheless, an extrajudicial settlement never was reached.

## IV.   DAMAGES

1.   Plaintiff Ms. Alba E. Velázquez Colón was unable to sleep due to severe

pain, limited mobility, and bleeding. Consequently, Plaintiff Ms. Alba E. Velázquez

Colón sought medical care at the CDT Sur-Med Medical Center-Pueblo, located at Calle Colón Pacheco in Salinas, PR 00751, with the phone number (787) 824-1199. There, Plaintiff Ms. Alba E. Velázquez Colón received medical treatment that included X-rays and medication to alleviate her pain. After being stabilized, it was determined that her injuries were significantly more severe and required specialized medical attention, leading to her referral to another hospital.

2.      Plaintiff Ms. Alba E. Velázquez Colón was subsequently transported by ambulance to the Emergency Room at Mennonite Hospital Guayama, Inc., located at 10011 Ave. Pedro Albizu Campos in Guayama, PR 00784, with the phone number (787) 864-4300. At this facility, she received further medical attention, underwent X-rays, and other radiological studies that confirmed multiple fractures.

3.      Plaintiff Ms. Alba E. Velázquez Colón was promptly referred to a specialist who performed total arthroplasty and surgery on her right shoulder and arm under general anesthesia to stabilize the fractures. This procedure required approximately twenty (20) stitches and drainage installation in the lower part of her arm. The emergency surgery was scheduled for July 2, 2024, by Dr. Alberto Rivera Rosado, an orthopedic surgeon located at Mennonite Hospital Guayama, Suite 204, Guayama, PR 00784, with the phone number (787) 998-1640.

4.      Upon medical recommendation and due to various bureaucratic

complications with Plaintiff Ms. Alba E. Velázquez Colón's medical plan, she was discharged the following day, confined to bed rest and receiving care from her daughter, Plaintiff Idalyna E. Luna Velazquez. Plaintiff Ms. Alba E. Velázquez Colón visited Dr. Rivera Rosado's office twice before returning to her residence in Tacoma, Washington. After her return, she consulted Dr. T. Pham at the Lake Wilderness Primary Care Clinic, located at 22610 SE 240th St. Ste. 100, Maple Valley, WA 98038, who provided treatment related to the incident in Puerto Rico.

5.    In addition, Plaintiff Ms. Alba E. Velázquez Colón made several visits to Dr. John C. Hung, an orthopedic specialist at MultiCare Orthopedics & Sports Medicine-Puyallup, located at 1450 5th St. SE Suite 4200, Puyallup, WA 98372-4602, with the phone number (253) 792-6555, as she continued to experience pain in her operated arm related to the incident.

6.    As part of Plaintiff Ms. Alba E. Velázquez Colón's rehabilitation plan, she is undergoing physical therapy and has completed forty (40) sessions to date. She continues to attend therapy at ATI Physical Therapy, located at 3315 S 23rd St., Ste. 210, Tacoma, WA 98405, with the phone number (253) 572-8684. Plaintiff Ms. Alba E. Velázquez Colón has also consulted other medical specialists to address complications from her injuries that may have exacerbated preexisting conditions. These specialists include Dr. R. Wall at the Pulmonary & Sleep Disorder Clinic-

Talbot Professional Center, located at 4011 Talbot Rd S Suite 460, Renton, WA 98055-570, phone number (425) 690-3484; the Breast Center-Medical Arts Center, located at 4033 Talbot Road S Suite 470, Renton, WA 98055-5700, phone number (425) 690-3688; and Dr. R. Mahmud, a rheumatologist at the Rheumatology Clinic-Medical Arts Center, located at 4033 Talbot Rd S Suite 440, Renton WA 98055-5772, phone number (425) 690-3495.

7.     Some of the injuries sustained by Plaintiff Ms. Alba E. Velázquez Colón include surgery on her right arm, an open wound on her chin, a scar on her right arm extending from her shoulder to her forearm, sharp pain upon touch, recurrent pain in her arm, insomnia, distress, and limited mobility, among other injuries. Plaintiff Ms. Alba E. Velázquez Colón remained bedridden and severely restricted in her physical activities for several weeks.

8.     The medical expenses incurred amount to approximately $6,000.00, a figure that will likely increase with the arrival of outstanding bills related to her treatment and surgery received in Puerto Rico. Additionally, Plaintiff Ms. Idalyna E. Luna Velázquez incurred emergency travel costs to Puerto Rico from Washington, United States, to support Plaintiff Ms. Alba E. Velázquez Colón. These expenses include missed work, food, transportation, and other costs estimated at no less than approximately $10,000.00 an amount that varies based on the final medical

expenses she must cover to assist her mother. The extent of Plaintiff Ms. Idalyna E. Luna Velázquez's emotional distress and mental anguish from witnessing her mother's injuries is estimated at $300,000.00.

## V.    NEGLIGENCE

1.      Co-defendants are liable for their acts, omissions, and/or negligence; and also, they are liable for the acts, omissions and/or negligence of their employees and/or agents, pursuant to Articles 1536 and 1540 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 10801, § 10805. This was the adequate and/or proximate cause of plaintiffs' damages. Also, defendants were liable for their own negligence, acts and/or omissions, and for the negligence, acts and/or omissions of their employees, agents or subcontractors, under the respondent superior doctrine. The breach of all of the above duties by co-defendants was the adequate and/or proximate cause for plaintiffs' damages.

2.      The Municipality of Salinas, along with its agents and employees, exhibited negligence by failing to implement necessary safety measures and adequately maintain the area under their jurisdiction and control, as should be expected under the principles of foreseeability. Given the circumstances outlined, it was reasonably foreseeable that individuals would be present in the plaza Jose C. Barbosa, where the municipality was aware, or should have been aware, of the

hazardous condition caused by the uneven surface. This condition was the direct cause of the injuries sustained by my clients. Additionally, there was a lack of warnings to alert visitors to the risks associated with this dangerous condition.

3.   Other contributing factors to the incident may include insufficient lighting and poor maintenance of green spaces. The Municipality of Salina's Plaza and its surroundings are visibly in disrepair, creating an unsafe environment for visitors. This neglect indicates a lack of awareness, an absence of inspection protocols, and inadequate construction and maintenance practices, all of which foreseeably led to the incident in question.

4.   It is noteworthy that the Municipality of Salinas organized and promoted a festival during the weekend of the incident, inviting individuals of all ages and backgrounds to gather there. However, they did not have personnel present to supervise the event, which attracted a large number of visitors. Had such personnel been assigned, they likely would have been able to prevent and/or assist individuals in need, including the lady who was injured. The Municipality knew, or should have known, about these circumstances.

5.   The Municipality of Salinas neglected its duty of foreseeability by failing to implement reasonable safety measures in an area that invites people of all ages to gather for recreation, from children to the elderly. This failure foreseeably created a

**COMPLAINT**                                                                                    18
Ms. Alba E. Velázquez Colón et al. v.  Municipality of Salinas, et al.
Civil No. 25-1349 (_)

hazardous condition that could lead to incidents like the one being addressed. Such acts or omissions constitute the direct cause of the damages incurred by the claimant.

6.   Furthermore, the Municipality of Salinas carries an insurance policy with ABC Insurance Company, a name used here due to the unavailability of the actual name at this time. This policy is meant to cover damages resulting from the negligent actions or omissions of its employees and agents, rendering the municipality jointly and severally liable for the injuries sustained by Plaintiff Ms. Alba E. Velázquez Colón and her daughter, Plaintiff Ms. Idalyna E. Luna Velázquez.

7.   There is a duty to warn of an existing danger and instruct as to the precautions to take.  Widow of Delgado v. Boston Ins. Co., 99 D.P.R. 714, 723 (1971).  Co-defendants had the duty to anticipate the damages suffered by Plaintiffs. They breach the duty of care to foresee the reasonable consequence caused to the Plaintiffs. This duty applies to a reasonable prudent man. Elba A.B.M. v. U.P.R., 125 D.P.R. 294, 308 (1990), citing *J. Puig Brutau*, Fundamentos de Derecho Civil, p. 80 (Barcelona, Ed. Bosch) (1983).

8.   The breach of all of the above duties by Co-defendants was the adequate and/or proximate cause for Plaintiffs' damages.  It is not necessary to anticipate the occurrence of the tort in a precise way as occurred; it is enough for the tort to be a natural consequence or a probable act or negligent omission.  Tormos Arroyo v.

D.I.P., 140 D.P.R. 265, 275 (1996).  In sum, for a negligent action to occur as a result of an omission, there should be a duty of imposed care or recognized by law, and that there is a breakup of that duty.   *H.M. Brau Del Toro*, Los Daños y Perjuicios Extracontractuales en Puerto Rico, Vol. I, p. 183, (2da Ed., San Juan, Pubs. J.T.S.) (1986).

9.   Co-defendants were negligent, because their acts and/or omissions were not of a man of normal or ordinary diligence, of a good family father, and/or of a common or ordinary prudent man. Gierbolini vs. Employers Fire Ins. Co., 104 D.P.R. 853, 859-861(1976). Co-defendants' breach of this duty(ies) is the direct, proximate and/or adequate cause of Plaintiffs' damages. The breach of all of the above duties by co-defendants was the adequate and/or proximate cause for Plaintiffs' damages.

10. Co-defendants are liable to the Plaintiffs for their acts and/or omissions, pursuant to Puerto Rico's Civil Code, Articles 1536 and 1540 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 10801, § 10805.

11. Article 1536 of the Civil Code of 2020, 31 L.P.R.A. sec. 10801, establishes that "[t]he person who causes damage to another by fault or negligence is obligated to repair it." Accordingly, to grant the repair of damage, it is necessary for the party promoting the action to demonstrate the following: (1) the culpable or

negligent act or omission; (2) the causal relationship between the culpable or

negligent act or omission; and (3) the actual damage caused to the claimant. <u>Nieves</u>

<u>Díaz v. González Massas</u>, 178 D.P.R. 820, 843 (2010).[1]

12. Although the obligation to repair damages generally arises from one's own

actions, our Civil Code exceptionally establishes several situations in which certain

individuals are called to respond for acts not their own, commonly known as

vicarious liability. <u>Pérez Hernández v. Lares Medical, Inc.</u>, 207 D.P.R. 965 (2021).

Thus, Article 1540 of the same cited body, 31 L.P.R.A. sec. 10805, recognizes the

aforementioned vicarious liability.

13. Co-defendants' acts and/or omissions breach the legal duties stated in this

complaint. Co-defendants' negligence was the direct, proximate and/or adequate

cause of Plaintiffs' damages.

14. Pursuant to the Puerto Rico Insurance Code, a casualty or liability

insurance carrier is independently liable in a direct action to the Plaintiffs, for any

negligence, fault or condition insured against, up to the merits of liability of the

insurance contract.

15. Plaintiffs demand a trial by jury in the present case.

**VI.  PRAYER FOR RELIEF**

---

[1] Citing the repealed Article 1802 of the Civil Code of 1930, the elements of the cause of action
for damages remain unchanged under Article 1536 of the Civil Code of 2020.

COMPLAINT                                                                                      21
Ms. Alba E. Velázquez Colón et al. v. Municipality of Salinas, et al.
Civil No. 25-1349 (_)

WHEREFORE, Plaintiffs Ms. Alba E. Velázquez Colón & Ms. Idanya E. Luna Velázquez, demand that judgment be jointly (joint and severally) entered against Co-defendants for the amount of $1,116,000.00, plus the continuing costs incurred in medical expenses, plus interest, cost and a reasonable amount for attorney's fees and expenses as provided under the law.

### NOTICE OF ELECTRONIC FILING/CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIED** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

**RESPECTFULLY SUBMITTED.**

In Ponce for San Juan, Puerto Rico, this 27th day of June 2025.

**YESABEL PRIETO LAW OFFICE**
PMB 189
609 Ave. Tito Castro Ste. 102
Ponce, Puerto Rico 00716
Tel.: (787) 677-0729
yprieto20@gmail.com
lcdayesabelprieto@gmail.com


**S/Yesabel Prieto-Rosado**

**YESABEL PRIETO ROSADO**
U.S.D.C.-P.R. 309305
Emails:
yprieto20@gmail.com

**COMPLAINT**
Ms. Alba E. Velázquez Colón et al. v.  Municipality of Salinas, et al.
Civil No. 25-1349 (_)

lcdayesabelprieto@gmail.com